**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Invander James, Jr., | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 4:05-00096-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

On January 12, 2005, pursuant to 28 U.S.C. § 2255, the petitioner commenced this pro se action to vacate, set aside, or correct his conviction and sentence. On May 27, 2005, the government moved for summary judgment. On June 2, 2005, the Court issued a Roseboro order advising the petitioner of summary judgment dismissal procedure. On July 5, 2005, the petitioner filed his opposition to the government's motion for summary judgment. On December 15, 2005, the Court granted the government's motion for summary judgment. On December 27, 2005, the petitioner filed a notice of appeal. On January 17, 2006, the petitioner filed an amended notice of appeal and a motion for reconsideration[1]. On February 6, 2006, the Fourth Circuit Court of Appeals rescinded its preliminary briefing schedule to await the Court's ruling on the petitioner's motion for reconsideration. This matter is now before the Court for disposition.

---

[1] The Court entered judgment dismissing the action on December 15, 2005. A Rule 59 motion must be filed within 10 days after entry of the judgment. Fed. R. Civ. P. 59(e). The envelope is stamped December 30, 2005. With time limitations less than 11 days, weekends and holidays do not count against a party. Fed. R. Civ. P. 6(a). December 30 was the eleventh business day after the Court's order for summary judgment. As a result, this motion is untimely.

## I.  BACKGROUND AND PROCEDURAL HISTORY

On November 5, 2001, a federal grand jury charged the petitioner in a single count indictment with possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), the Armed Career Criminal Act.  The petitioner proceeded to trial, where a jury found him guilty on January 9, 2002.  On August 22, 2002, the Court sentenced the petitioner to 235 months in prison and 5 years supervised release.  The petitioner appealed to the Fourth Circuit Court of Appeals, who affirmed the District Court's judgment.  United States v. James, 337 F.3d 387 (2003).  On January 12, 2004, the Supreme Court denied James's petition for writ of certiorari.

In interpreting Rule 59(e), the Fourth Circuit Court of Appeals has recognized only "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

In his motion for reconsideration, the petitioner alleges the following grounds of error of law: (1) failure to stop for a blue light does not constitute a violent felony for 18 U.S.C. §924(e) purposes; (2) his sentence violated Blakely and Booker; (3) the jury did not find him guilty of 18 U.S.C. §924(e); (4) Apprendi is not controlling for armed career criminal purposes; and (5) he is actually innocent.

## II.  WHETHER FAILURE TO STOP FOR A BLUE LIGHT IS A VIOLENT FELONY FOR 18 U.S.C. §924(e) PURPOSES

The petitioner claims that failure to stop for a blue light is not a violent felony for 18 U.S.C. §924(e) purposes.  He further claims that this Court "totally overlooked" Shepard v.

United States, 125 S.Ct. 1254 (2005) and United States v. Washington, 404 F.3d 834 (2005).[2]

In Shepard v. United States, the defendant pled guilty to being a felon in possession of a firearm. The District Court did not enhance his sentence under the Armed Career Criminal Act. The First Circuit Court of Appeals held that the District Court should have enhanced the defendant's sentence under the Armed Career Criminal Act. The Supreme Court reversed the First Circuit Court of Appeals, holding that a sentencing court may not enhance a sentence under the Armed Career Criminal Act on the basis of police reports or complaint applications. Shepard v. United States, 125 S.Ct. at 1258. A sentencing court may examine "the statutory definition, charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Id.

In the petitioner's case, the Court did not enhance the petitioner's sentence pursuant to the Armed Career Criminal Act. A jury found the petitioner guilty of being a felon in possession of a firearm and of violating the Armed Career Criminal Act. The Fourth Circuit Court of Appeals held that failure to stop for blue lights constitutes a felony under the Armed Career Criminal Act. United States v. James, 337 F.3d 387, 390-91 (4th Cir. 2004). The petitioner fails to show that the Court erred with respect to United States v. Shepard, and his claim is without merit.

In United States v. Washington, the defendant pled guilty to being a felon in possession of a firearm and was sentenced to 30 months imprisonment. The Fourth Circuit Court of Appeals held that the District Court improperly enhanced the defendant's sentence above a

---

[2] Both Shepard and Washington pled guilty solely to being a felon in possession of a firearm. On the other hand, a jury found the petitioner of being a felon in possession of a firearm and violating the Armed Career Criminal Act.

sentence authorized by his guilty plea in reliance on facts outside the indictment containing defendant's state law breaking and entering conviction. United States v. Washington, 404 F.3d at 841.

In the petitioner's case, the petitioner was charged with illegal possession of a firearm in violation of 18 U.S.C. §922(g)(1) and 18 U.S.C. §924(e), the Armed Career Criminal Act. On January 9, 2002, a jury found the petitioner guilty of the single count indictment charging both of these code provisions. The Court sentenced the petitioner to 235 months in prison followed by 5 years supervised release pursuant to 18 U.S.C. §924, which imposes a minimum sentence of 15 years (180 months) and a maximum sentence of life in prison. The petitioner's sentence was well within the statutory maximum. The petitioner has not shown that the Court erred with respect to United States v. Washington, and his claim is without merit.

## III. BLAKELY AND BOOKER

The petitioner claims that his sentence violates principles set forth in Blakely v. Washington, 542 U.S. 296 (2004). Recently, the United States Supreme Court reaffirmed those principles. See United States v. Booker, 543 U.S. 220 (2005). The Supreme Court clearly stated that its holding in Booker must be applied "to all cases on direct review." Id. at 25. Subsequent to the decision in Booker, the Fourth Circuit held that Booker "is not available for post-conviction relief for federal prisoners, . . . whose convictions became final before Booker . . . was decided. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). The petitioner was sentenced in 2002. The Fourth Circuit Court of Appeals denied his appeal in 2003. The United States Supreme Court denied the petitioner's writ for certiorari on January 27, 2004. The petitioner is correct that his sentence became final in 2004, which was before Booker was

issued.[3]  The petitioner's § 2255 action collaterally attacked his conviction and sentence. The Court properly held that Booker was inapplicable to the petitioner's §2255 action.  The petitioner has not shown that he is entitled to relief pursuant to Blakely v. Washington, 542 U.S. 296 (2004) or United States v. Booker, 543 U.S. 220 (2005), and his claim is without merit.

## IV.  JURY VERDICT

The petitioner claims that the jury found him guilty of 18 U.S.C. §922(g)(1) but did not find him guilty of 18 U.S.C. §924(e).  This is not correct.  The petitioner was charged in a single count indictment with a violation of 18 U.S.C. §922(g)(1), felon in possession of a firearm, and 18 U.S.C. §924(e), the Armed Career Criminal Act.  On January 9, 2002, the jury found the petitioner guilty of the single count indictment charging both code provisions.  The petitioner has not shown that a jury did not convict him of 18 U.S.C. §924(e), and his claim is without merit.

## V.  APPRENDI

The petitioner alleges that Apprendi is not controlling for armed career criminal purposes because it is outdated law.  *See* Apprendi v. New Jersey, 530 U.S. 466 (2000).  As stated in the order granting summary judgment, the petitioner is not entitled to relief under Apprendi because he did not receive a sentence greater than the statutory maximum.  The petitioner has not shown that the Court erred with respect to Apprendi, and his claim is without merit.

## VI.  ACTUAL INNOCENCE

---

[3] In the Court's order granting summary judgment, the Court stated that the petitioner's sentence became final in 2002.  This was a scrivener's error.  However, the petitioner did not suffer any manifest injustice.  His sentence became final in 2004 before Booker was decided, and Booker is therefore not applicable to his case.

The petitioner claims that he is actually innocent under Shepard and Washington. For the reasons stated above, the petitioner is not entitled to relief under Shepard or Washington. Relief on the basis of actual innocence is available upon a showing that constitutional error probably resulted in the conviction of one who is actually innocent. Murray v. Carrier, 477 U.S. 478, 496 (1986). To establish actual innocence, the petitioner must demonstrate that, "in the light of all evidence, . . . it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 327-28 (1995)(*quoting* Friendly, *Is Innocence Irrelevant? Collateral Attack on Criminal Judgments*, 38 U. CHI. L. REV. 142, 160 (1970)). "It is important to note . . . that 'actual innocence' means factual innocence, not mere legal insufficiency." Sawyer v. Whitley, 505 U.S. 333, 339 (1992). The Court may consider any admissible evidence of the petitioner's guilt, even if that evidence was not presented at trial. "In cases where the Government has foregone more serious charges in the course of plea bargaining, the petitioner's showing of actual innocence must also extend to those charges." Bousley v. United States, 523 U.S. 614, 624 (1998). The petitioner fails to show that he is innocent or that, in the light of all evidence, it is more likely than not that no reasonable juror would have convicted him. The petitioner sets forth no evidence to support his self-serving allegation. The petitioner's claim of actual innocence is without merit.

The Court therefore denies the petitioner's motion to amend the Court's prior ruling. Accordingly, the Court hereby upholds its previous ruling and dismisses this action.

AND IT IS SO ORDERED.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

March 24, 2006
Charleston, South Carolina